## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| **AUSTIN BRECKENRIDGE, III,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | **Civil No. SAG-23-2764** |
| | * | |
| **MARYLAND TRANSIT ADMIN.,** *et al.,* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Austin Breckenridge III ("Plaintiff"), who is self-represented, filed this action against his former employer, the Maryland Transit Administration ("MTA") and two of its officials, Edward Yinger and Clarence H. Jackson, III, alleging a violation of Title VII of the Civil Rights Act of 1964 and, possibly, a state law claim for breach of contract. ECF 1. The docket reflects that Plaintiff has only served one of the three defendants, Mr. Jackson. Mr. Jackson has now filed a motion to dismiss the complaint, ECF 10. Despite the Clerk having advised Plaintiff of the filing of the potentially dispositive motion and the potential consequences of a failure to respond, no response has been filed and the time has now expired. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Mr. Jackson's motion to dismiss will be granted and the complaint will be dismissed without prejudice as to MTA and Mr. Yienger due to Plaintiff's failure to effect service.[1]

---

[1] On October 20, 2024, this Court issued a show cause order (1) requiring Plaintiff to show cause why service had not been effected on MTA or Mr. Yienger and (2) advising that failure to show cause will result in dismissal of the case as to the unserved defendants. Plaintiff filed no response.

I.     FACTUAL BACKGROUND

The following facts pertinent to Plaintiff's claims against Mr. Jackson are derived from his complaint and its attachments, ECF 1 and 1-1, and are assumed to be true for purposes of these motions. While employed by MTA as an A-Repairman in March 2020, Plaintiff was found sleeping on the job. ECF 1-1 at 2. His employer sent him home immediately and did not allow him to work pending his appeal of his termination. *Id.* On April 20, 2021, another MTA A-Repairman, David Parkingson, was found sleeping on the job but was allowed to work while waiting for his appeal. *Id.* at 2–3. Plaintiff believes that the disparate treatment resulted from discrimination on the basis of race and retaliation. *Id.* at 2. Once Plaintiff brought the Parkingson situation to the union's attention, MTA sent Parkingson home, but he later reached a settlement under which he received backpay and a non-disclosure agreement. ECF 1 at 6–7. The only mention of "Clarence Jackson" in Plaintiff's Complaint is on a line stating, "Name of Person(s) Responsible." ECF 1-1 at 5.

II  .     LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). Here, Defendants cite two bases for dismissal: Rules 12(b)(1) and 12(b)(6). Rule 12(b)(1) governs situations where the Court lacks subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under that rule, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis, Inc*., 519 F.3d 192, 196 (4th Cir. 2008). Thus, the court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(2). The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc*., 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), aff'd, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A*., No. DKC-

10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), aff'd 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.    Analysis

Plaintiff's Complaint does not assert a claim cognizable against an individual defendant like Mr. Jackson. First, he asserts a discrimination and retaliation claim under Title VII of the Civil Rights Act. However, "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. Southern Food Servs., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). Any remedy under federal discrimination laws would lie against Plaintiff's employer, MTA, not individual supervisors or employees. Second, in Plaintiff's civil cover sheet, he references a breach of contract claim, but Maryland law is clear that "[t]he exclusive remedy for a breach of contract or for tort committed by the Administration, its officers, agents, or employees is a suit against the Administration." Md. Code Ann., Transp. § 7-702(b). Because Maryland has not waived sovereign

immunity as to its employees, individual defendants are immune and only MTA could be sued for a contract claim.[2]

Additionally, even if a viable claim could be asserted against an individual, Plaintiff's complaint is devoid of any factual allegations detailing any acts taken by Mr. Jackson. Plaintiff has therefore failed to state a claim against Mr. Jackson.

### IV.    CONCLUSION

For the reasons set forth above, Mr. Jackson's unopposed Motion to Dismiss, ECF 10, is granted and the claims against him will be dismissed without prejudice.[3] Plaintiff's claims against MTA and Mr. Yienger are also dismissed without prejudice because Plaintiff has not effected service and failed to show cause, when ordered to do so, as to why the complaint should not be dismissed. This case will be closed. A separate Order follows.

Dated: November 4, 2024                                    /s/
                                                                          Stephanie A. Gallagher
                                                                          United States District Judge

---

[2] Mr. Jackson also notes that Plaintiff's Complaint does not mention a contract claim or even a contract. ECF 10-1 at 10.
[3] Because dismissal is warranted on the grounds set forth herein, this Court does not reach Mr. Jackson's other arguments including the argument about failure to exhaust administrative remedies.